Humphrey-RL v. State 















IN THE
TENTH COURT OF APPEALS
 

No. 10-95-306-CR

     ROBERT LEE HUMPHREY,
                                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                                              Appellee
 

From the 13th District Court
Navarro County, Texas
Trial Court # 25,544
                                                                                                    

O P I N I O N
                                                                                                    

      Appellant Humphrey appeals from his conviction for aggravated perjury for which he was
sentenced to ten years in the Texas Department of Criminal Justice, Institutional Division.
      Appellant was indicted for aggravated perjury, enhanced by one prior felony conviction. The
indictment alleged Appellant made two inconsistent statements under oath, one of the two
statements being necessarily false. The first was Appellant's statement, while under oath
administered by District Judge Kenneth Douglas, that he received $446 monthly income in Social
Security benefits; the second statement being Appellant's statement under oath administered by
Pam Harrison, a Notary Public, that he received no income within the past twelve months; such
statements made during and in connection with an official proceeding, a hearing on a motion for
court costs brought by the District Clerk of Navarro County in Cause No. 94-00-03944-CV.
      Appellant had filed a civil suit in the District Court of Navarro County seeking to proceed
without paying court costs. The District Clerk filed a motion for costs pursuant to Rule 143, Tex.
R. Civ. Proc. At the hearing on such motion on June 6, 1994, Appellant testified under oath that
he received $446 per month in Social Security disability income. At the close of the hearing the
trial court required Appellant to pay court costs before any further proceedings would be held.
      On June 21, 1994, Appellant filed a petition for a mandamus in the Tenth Court of Appeals
to require Judge Douglas (trial judge) to issue a written order detailing his ruling on the June 6
hearing. Appellant also filed a motion to proceed informa pauperis without paying court costs on
the mandamus action. Appellant attached his affidavit, sworn to on June 16, 1994, before Notary
Public Pam Harrison, that he had received no income in the last twelve months, was unable to pay
costs, and placed the trial court number 94-00-03044-CV on his pauper's affidavit and his motion
for a mandamus.
      The jury found Appellant guilty of aggravated perjury. Appellant elected to have the judge
assess punishment. At the punishment hearing, the State proved three prior felony convictions and
that Appellant was on parole at that time. The judge sentenced Appellant to ten years in prison.
      The Texas Penal Code provides in: 
Section 37.02, Perjury: A person commits perjury if he makes a false statement under
oath. 
Section 37.03, Aggravated Perjury: A person commits aggravated perjury if he
commits perjury as defined in Section 37.02, and the false statement is (1) made during
or in connection with an official proceeding, and (2) is material.
Section 37.04, Materiality: A statement is material if it could have affected the
course or outcome of the official proceeding.
      Appellant appeals on three points of error.
      Point one contends the inconsistent statements alleged in the indictment were not material.
      Specifically, Appellant urges the trial court erred in not granting his motion to quash the
indictment because the inconsistent statements alleged were not material.
      Texas Penal Code, Section 37.04, provides that a statement is material if it could have
affected the course or outcome of an official proceeding.
      The first statement, as alleged in the indictment, was made during the June 6 hearing on the
District Clerk's motion for court costs. The purpose of this hearing was to determine whether or
not to require Appellant to put up court costs in the civil suit. Clearly, Appellant's statement
under oath regarding his income had the potential to affect both the course and outcome of the
hearing.
      The second statement, made June 16 under oath before Notary Public Pam Harrison, was for
the purpose of persuading the Tenth Court of Appeals to issue a mandamus against the trial court
judge in the June 6 hearing without requiring court costs to be paid. This likewise had the
potential to affect the course or outcome of Appellant's application for a mandamus and as such
was material. Point one is overruled.
      Point two asserts the trial court erred in not granting Appellant's motion for a directed verdict
predicated on the fact that Appellant's affidavit informa pauperis and his motion to file a petition
for a writ of mandamus was not made during and in connection with an official proceeding.
      Texas Penal Code, Art. 1.07(33), defines an official proceeding as any type of administrative,
executive, legislative or judicial proceeding that may be conducted before a public servant
authorized by law to take statements under oath.
      Appellant's second statement was made in the affidavit filed in the Court of Appeals along
with his petition for a mandamus. In the affidavit, Appellant swears before the Notary Public that
he had not received any income in the last twelve months. This affidavit was made and filed in
direct connection with and as a result of the Judge's ruling in the June 6 hearing, and further, in
connection with the official proceeding to secure a mandamus. Without the June 6 hearing, there
would have been no petition for mandamus and no affidavit. The affidavit was made in connection
with both the official proceeding in the trial court and the official proceeding in the Court of
Appeals. Point two is overruled.
      Point three asserts perjury cannot be assigned on an oath administered in the June 6, 1994,
hearing.
      Specifically, Appellant asserts the hearing was void because the District Clerk did not have
the authority to file a motion pursuant to Rule 143, Texas Rules of Civil Procedure.
      This assertion is contrary to Rule 143 which states that at any time before final judgment,
upon the motion of any party, or any officer of the court interested in the costs accruing in such
suit, a party seeking affirmative relief may be ruled to give security for costs. The motion was
filed by the District Clerk who is an officer of the court interested in the costs accruing. Point
three is overruled.
      The judgment is affirmed.
 
                                                                               FRANK G. McDONALD
                                                                               Chief Justice (Retired)

Before Justice Cummings,
      Justice Vance, and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed July 10, 1996
Do not publish